IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MY CLEAR VIEW WINDSHIELD        )
REPAIR, INC. AND CLEAR VISION   )
WINDSHIELD REPAIR, LLC,         )
                                )
            Plaintiffs,         )
                                )
v.                              )
                                )
GEICO ADVANTAGE INSURANCE       )
COMPANY, GEICO CHOICE INSURANCE )   Civil Action No. _____
COMPANY, GOVERNMENT             )
EMPLOYEES INSURANCE COMPANY,    )
GEICO SECURE INSURANCE          )
COMPANY, GEICO GENERAL          )
INSURANCE COMPANY, GEICO        )
COUNTY MUTUAL INSURANCE         )
COMPANY, GEICO INDEMNITY        )
COMPANY,                        )
                                )
            Defendants.         )

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, GEICO Advantage Insurance Company ("GEICO Advantage"), GEICO Choice Insurance Company ("GEICO Choice"), Government Employees Insurance Company ("GEICO"), GEICO Secure Insurance Company ( "GEICO Secure"), GEICO General Insurance Company ("GEICO General"), GEICO County Mutual Insurance Company ("GEICO County"), and GEICO Indemnity Company ("GEICO Indemnity") (collectively "Defendants"), remove this case from the 151st Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas.  This case is removed pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Defendants state as follows in support of removal:

## I.  __BACKGROUND__

1.      On or about August 9, 2016, Plaintiffs filed this civil action in the District Court of Harris County, Texas, Case No. 2016 52632 (the "State Court Action").

2.      Prior to the State Court Action being filed, on August 5, 2016, GEICO, GEICO General, GEICO Indemnity and GEICO Casualty Insurance Company sued Plaintiffs My Clear View Windshield Repair, Inc. ("My Clear View") and Clear Vision Windshield Repair, LLC ("Clear Vision") in the United States District Court for the Middle District of Florida, Case No. 8:16-cv-02241 (the "Florida Federal Action").  The Florida Federal Action brings Federal RICO and related claims against Plaintiffs My Clear View and Clear Vision.  The Florida Federal Action arises out of the same events, practices, transactions and occurrences that are the subject matter of the claims that Plaintiffs attempt to bring in the State Court Action.  Plaintiffs' allegations in the State Court Action arise out of the investigation that occurred in Florida that led to the Florida Federal Action against Plaintiffs My Clear View and Clear Vision.[1]

3.      Plaintiffs have attempted to generally plead ten (10) causes of actions against Defendants, including:  defamation; slander *per se*; business disparagement; violations of Section 541.054 of the Texas Insurance Code; violations of Section 541, *et seq.*, of the Texas Insurance Code; tortious interference with contract; tortious interference with prospective business relations; civil conspiracy; common law negligent misrepresentations; and negligence *per se* for violations of Section 1952.302 of the Texas Insurance Code.  *See* Petition, ¶¶40-86.  Plaintiffs specifically seek monetary relief of over $1,000,000.  *Id.* at ¶3.  Plaintiffs also contend that an award of punitive damages against Defendants is appropriate.  *Id.* at ¶87.

---

[1] Plaintiffs allege in conclusory fashion that "this action is proper in Harris County, Texas, where all or a substantial portion of the events or omissions occurred."  *See* Petition, ¶13.  However, Plaintiffs do not identify a single specific event that occurred in Texas.

## II.    GROUNDS FOR REMOVAL

4.    The amount in controversy for Plaintiffs' claims is more than $75,000.00, exclusive of interest and costs, and citizenship of the parties properly joined in this case is diverse.  This case is therefore removable pursuant to 28 U.S.C. §§ 1132, 1441 and 1446.

### Removal is Timely

5.    A notice of removal of "a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b)(1).

6.    Plaintiffs filed their Petition in the State Court Action on or about August 9, 2016. Defendant GEICO County was served a copy of the summons and Petition on August 22, 2016. The remaining Defendants were served a copy of the summons and Petition on August 26, 2016.

7.     Defendants have therefore timely filed this Notice of Removal because it is within thirty days of the service of summons and the initial pleading upon GEICO.  28 U.S.C. § 1446(b)(1).

### This Court has Original Jurisdiction

8.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists and the federal courts have jurisdiction over actions removed from state courts if complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

3

### A.      The Amount in Controversy Exceeds the Jurisdictional Threshold.

9.      It is a longstanding federal rule that the amount in controversy is determined from the face of the complaint itself.  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

10.      The face of Plaintiffs' Petition clearly supports diversity jurisdiction and the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.  Plaintiffs' Petition shows that Plaintiffs value their claim to be in excess of the jurisdictional minimum of $75,000.00. Plaintiffs have indicated that their claim is for $1,000,000.00.  *See* Petition, ¶3.

11.      The amount in controversy therefore exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

### B.      Diversity of Citizenship Exists.

12.      For the purposes of 28 U.S.C. § 1332, "[a] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ."  28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" – or the corporation's "nerve center."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010); *see also Elizondo v. Keppel Amfels, L.L.C.*, 1:14-CV-220, 2015 WL 1976434, at *2 (S.D. Tex. May 1, 2015).

13.      Defendant, GEICO Advantage, is (and was at the time Plaintiffs filed the State Court Action) an insurance company organized under Nebraska law.  GEICO Advantage maintains its principal place of business in Maryland.  GEICO Advantage is therefore a citizen of Nebraska and Maryland.

14.      Defendant, GEICO Choice, is (and was at the time Plaintiffs filed the State Court Action) an insurance company organized under Nebraska law.  GEICO Choice maintains its

principal place of business in the Maryland.  GEICO Choice is therefore a citizen of Nebraska and the Maryland.

15.     Defendant, GEICO, is (and was at the time Plaintiffs filed the State Court Action) an insurance company organized under Maryland law.  GEICO maintains its principal place of business in Maryland.  GEICO is therefore a citizen of Maryland.

16.     Defendant, GEICO Secure, is (and was at the time Plaintiffs filed the State Court Action) an insurance company organized under Nebraska law.  GEICO Secure maintains its principal place of business in Maryland.  GEICO Secure is therefore a citizen of Nebraska and Maryland.

17.     Defendant, GEICO General, is (and was at the time Plaintiffs filed the State Court Action) an insurance company organized under Maryland law.  GEICO General maintains its principal place of business in Maryland.  GEICO General is therefore a citizen of Maryland.

18.     Defendant, GEICO Indemnity, is (and was at the time Plaintiffs filed the State Court Action) an insurance company organized under Maryland law.  GEICO General maintains its principal place of business in Maryland.  GEICO General is therefore a citizen of Maryland.

19.     Plaintiffs plead that My Clear View and Clear Vision are foreign corporations. *See* Petition, ¶¶4-5.  Plaintiffs My Clear View and Clear Vision are (and were at the time Plaintiffs filed the State Court Action) organized under Michigan Law.  Plaintiffs My Clear View and Clear Vision maintain their principal places of business in Florida.  Plaintiffs My Clear View and Clear Vision are therefore citizens of Michigan and Florida.

## C.     GEICO County is Improperly Joined in the State Court Action.

20.     Defendant, GEICO County, is (and was at the time Plaintiffs filed the State Court Action) a mutual insurance company organized under Texas law.  GEICO County maintains its

principal place of business in Maryland.  GEICO General is therefore a citizen of Texas and Maryland.

21.     GEICO County does not transact business in Florida.  GEICO County is not a party to the Florida Federal Action and none of the events, practices, transactions and occurrences (including the investigation that led to the Florida Federal Action) involved GEICO County.

22.     GEICO County has been improperly joined in the State Court Action for the purpose of defeating Defendants' removal rights.[2]  A case may be removed despite the presence of an in-state defendant if that defendant was improperly joined for the purpose of hindering removal.  *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 572–73 (5th Cir. 2004).

23.     To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id. at 573.*

24.     "[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, [restated,] there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

25.     "[A] removing defendant [need not] demonstrate an absence of any possibility of recovery in state court . . . the defendant must demonstrate only that there is no reasonable basis

---

[2] "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined** and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2) (emphasis added). GEICO County, however, is improperly joined for the purpose of hindering Defendants' removal rights.

for predicting that the plaintiff will recover in state court."[3]   *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

26.    Broad and unspecific allegations as to a defendant are not sufficient to establish proper joinder of a defendant whose presence impedes removal.  *See Rubin v. Daimlerchrsyler Corp.,* CIV. A. H044021, 2005 WL 1214605, at *2 (S.D. Tex. 2005) (holding that a plaintiff's factual allegations, averred in a "Facts Common to all Causes of Action" section, were not sufficient and specific enough to show actionable conduct as required by Texas law, and holding that defendants were therefore joined fraudulently); *see also Ford v. Prop. & Cas. Ins. Co. of Hartford,* CIV.A. H-09-1731, 2009 WL 4825222, at *4 (S.D. Tex. Dec. 9, 2009) (holding that, for the limited purpose of determining propriety of joinder, the plaintiff failed to state a valid claim against defendant when its allegations were conclusory and unsupported by any evidentiary fact).

27.    Because GEICO County was not involved in the events, transactions or occurrences that are the subject matter of the Florida Federal Action or the claims Plaintiffs attempt to bring in the State Court Action, Plaintiffs do not (and cannot) allege a single specific allegation against GEICO County.  There are no specific allegations specifying why GEICO County is named in the suit or any particular and specific conduct alleged that justifies GEICO County being named in the State Court Action.  Not a single allegation against GEICO County is supported by evidentiary fact.  GEICO County is, in fact, referred to only one time in the entire

---

[3] In an improper joinder analysis, the court may "pierce the pleadings" and conduct a summary inquiry to identify "misstated or omitted discrete facts that would determine the propriety of joinder."  *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *see also Gipson v. Wal-Mart Stores, Inc.*, CIV.A. H-08-2307, 2008 WL 4844206, at *4 (S.D. Tex. Nov. 3, 2008) (holding that "limited discovery may be appropriately used in determining improper joinder, particularly when the discovery forms the basis for the removal").

Petition, and that is merely to identify that GEICO County is a corporation "whose home office is 4201 Spring Valley Road, Dallas County, Texas." *See* Petition, ¶11.

28.     There is therefore no reasonable basis for predicting that Plaintiffs could recover against GEICO County in the State Court Action.

## PROCEDURAL STATEMENT

29.     <u>Process and Pleadings</u>.  Copies of the Petition and all process, pleadings, orders and documents filed in the State Court Action are attached as Composite Exhibit 1 pursuant to 28 U.S.C. § 1446(a).

30.     <u>Removal is Timely</u>.  A notice of removal of "a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b)(1).  Defendants were served a copy of the summons and Petition on August 22, 2016 and August 26, 2016.  This Notice of Removal is therefore timely.

31.     <u>Removal to Proper Court.</u>  This Court is "the district court for the United States for the district and division within which" the State Court Action is pending.  28 U.S.C. § 1146(a).  This Notice of Removal has therefore been filed in the proper court.

32.     <u>Notice to State Court</u>.  A copy of this Notice of Removal is being filed with the Clerk of the Court of the District Court of Harris County, Texas, and written notice is being served on Plaintiffs, as required by 28 U.S.C. § 1446(d).

33.     Defendants reserve all defenses and objections to Plaintiffs' claims.

WHEREFORE, Defendants remove this case from the 151st Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Dated:  September 21, 2016                    Respectfully submitted,

                                              */s/ Rebecca L. Phelps*_____
                                              Christopher D. Porter
                                              State Bar No. 24070437
                                              Federal I.D. 1052367
                                              Rebecca L. Phelps
                                              State Bar No. 24098255
                                              Federal I.D. 1052367
                                              YETTER COLEMAN LLP
                                              909 Fannin Street, Suite 3600
                                              Houston, Texas  77010
                                              (713) 632-8000
                                              (713) 632-8002
                                              cporter@yettercoleman.com
                                              rphelps@yettercoleman.com
                                              Attorneys for Defendants

### Certificate of Service

I certify that on September 21, 2016, a copy of this document was served on all counsel of record using the Court's e-filing system.

Bergman Gray & DiAngelo LLP
Jay K. Gray, Esq.
Andrew Bergman, Esq.
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
jkurtisgray@yahoo.com
bergman@abergmanlaw.com

                                   */s/ Rebecca L. Phelps*_____
                                   Rebecca L. Phelps

9