IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MY CLEAR VIEW WINDSHIELD REPAIR, INC. AND CLEAR VISION WINDSHIELD REPAIR, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| GEICO ADVANTAGE INSURANCE COMPANY, GEICO CHOICE INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO SECURE INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO COUNTY MUTUAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 4:16-cv-02840 |
| Defendants. | ) ) ) | |

**DEFENDANTS' MOTION AND SUPPORTING BRIEF TO DISMISS OR IN THE
ALTERNATIVE TO STAY OR TRANSFER VENUE**

Christopher D. Porter
State Bar No. 24070437
Federal I.D. 1052367
Rebecca L. Phelps
State Bar No. 24098255
Federal I.D. 1052367
YETTER COLEMAN LLP
909 Fannin Street, Suite 3600
Houston, Texas  77010
(713) 632-8000
(713) 632-8002
cporter@yettercoleman.com
rphelps@yettercoleman.com

Attorneys for Defendants

# TABLE OF CONTENTS

Table of Authorities .................................................................................................. iv

Motion to Dismiss ..................................................................................................... 1

Brief In Support of Motion to Dismiss ..................................................................... 1

Background ................................................................................................................ 1

Arguments and Authorities ....................................................................................... 3

I.      Legal Standard ............................................................................................... 3

II.     Plaintiffs Fail to State a Claim for Defamation. ........................................... 5
        A.      Plaintiffs Fail to Allege that Defendants Published a Statement. ........... 5
        B.      Plaintiffs Do Not and Cannot Allege that Any Statement was Defamatory ........... 5
        C.      Plaintiffs Failed to Follow the Mandatory Procedure Under the
                Defamation Mitigation Act. ................................................................. 6

III.    Plaintiffs Fail to State a Claim for Slander *Per Se* ...................................... 6

IV.     Plaintiffs Fail to State a Claim for Business Disparagement. ........................ 7

V.      Plaintiffs Fail to State Claims under the Texas Insurance Code ................... 7
        A.      Plaintiffs do not have standing to assert claims under the Texas Insurance
                Code. ....................................................................................................... 8
        B.      Plaintiffs fail to allege Insurance Code violations. ............................... 11
        C.      Plaintiffs failed to satisfy statutory conditions precedent under Section
                541.154 of the Texas Insurance Code. ................................................. 13

VI.     Plaintiffs Fail to State a Claim for Tortious Interference With Contract ......... 14
        A.      Plaintiffs Do Not Identify a Contract. .................................................. 14
        B.      Plaintiffs Do Not and Cannot Sufficiently Plead that Defendants' Actions
                Were Willful and Intentional Acts. ....................................................... 15

VII.    Plaintiffs Fail to State a Claim for Tortious Interference With Business Relations. ........ 16
        A.      Plaintiffs Do Not and Cannot Allege There Was a Reasonable Probability
                That the Parties Would Have Entered into a Relationship. .................... 16
        B.      Plaintiffs Do Not and Cannot Allege the Lack of Privilege or Justification. ....... 17
        C.      Plaintiffs Do Not and Cannot Allege Plaintiffs Suffered Actual Harm. ........... 17

VIII.   Plaintiffs Fail to State a Claim for Civil Conspiracy. .................................. 17
        A.      Plaintiffs Do Not Identify an Agreement to Act against Plaintiffs ....... 18
        B.      Plaintiffs Do Not and Cannot Support their Allegation of Agreement on an
                Obligation to Be Accomplished. ........................................................... 18

IX.    Plaintiffs Fail to State a Claim for Negligent Misrepresentation....................................... 19

X.     Plaintiffs Fail to State a Claim for Negligence *Per Se* for Violations of Section
       1952.302 of the Texas Insurance Code ............................................................................. 20

Alternative Motion To Dismiss, Stay, Or Transfer Venue Under the First-to-File Doctrine ....... 22

Conclusion ................................................................................................................................. 23

Certificate of Service ................................................................................................................. 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Watson*,
876 S.W.2d 145 (Tex. 1994) ...................................................................................9

*Anderson v. U.S. Dep't of Hous. & Urban Dev.*,
554 F.3d 525 (5th Cir. 2008) ..............................................................................4, 7

*Ash v. Hack Branch Dist. Co., Inc.*,
54 S.W.3d 401 (Tex. App.—Waco 2001) ...........................................................16

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .......................................................................................4, 5

*Backes v. Misko*,
2015 WL 1138258 (Tex. App.—Dallas 2015, writ history) ...............................18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................................4

*Blackburn v. City of Marshall*,
42 F.3d 925 (5th Cir. 1995) ...................................................................................4

*Boone v. Safeco Ins. Co. of Indiana*,
CIV.A. H-09-1613, 2009 WL 3063320 (S.D. Tex. Sept. 22, 2009) .....................14

*BP Automotive, L.P. v. RML Waxahachie Dodge, L.L.C.*,
448 S.W.3d 562 (Tex. App.—Houston [1st Dist.] 2014, no pet.) .........................17

*In re Burzynski*,
989 F.2d 733 (5th Cir. 1993) .............................................................................9, 10

*Butnaru v. Ford Motor Co.*,
84 S.W.3d 198 (Tex. 2002) ..................................................................................14

*Ceshker v. Bankers Commercial Life Ins. Co.*,
568 S.W.2d 128 (Tex. 1978) ..................................................................................9

*Chaffin v. Transamerica Ins. Co.*,
731 S.W.2d 728 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) ...........9

*Clardy Manufacturing Co. v. Marine Midland Business Loans, Inc.*,
88 F.3d 347 (5th Cir . 1996) .................................................................................19

*Clark v. Deutsche Bank Nat'l Trust Co.*,
3:14-CV-3590-B, 2016 WL 931216 (N.D. Tex. Mar. 11, 2016) ........................3, 4

iv

*COC Svcs., Ltd. v. Compusa, Inc.*,
    150 S.W.3d 654 (Tex. App.—Dallas 2004, pet. denied) .......................................16

*Copeland v. State Farm Ins. Co.*,
    No. 15-10921, 2016 WL 4010441 (5th Cir. July 26, 2016).....................................5

*Crown Life Ins. Co. v. Casteel*,
    22 S.W.3d 378 (Tex. 2000).....................................................................................8

*Del Castillo v. PMI Holdings N. Am. Inc.*,
    4:14-CV-03435, 2016 WL 3745953 (S.D. Tex. July 13, 2016) ............................21

*Duran v. Bar-S Foods Co.*,
    CIV. H-15-0788, 2015 WL 3466231 (S.D. Tex. June 1, 2015)................................3

*Dxp Enterprises, Inc. v. Hill*,
    4:15-CV-3471, 2016 WL 4159756 (S.D. Tex. Aug. 3, 2016) ...............................22

*ERI Consulting Engineers, Inc. v. Swinnea*,
    318 S.W.3d 867 (Tex. 2010)................................................................................18

*Forbes, Inc. v, Granada Bioscience, Inc.*,
    124 S.W. 3d 167 (Tex. 2003)..................................................................................7

*Friends for Am. Free Enter. Ass'n v. Wal-Mart Stores, Inc.*,
    284 F.3d 575 (5th Cir. 2002) ...............................................................................14

*GoDaddy.com, LLC v. Toups*,
    429 S.W.3d 752 (Tex. App.—Beaumont 2014, pet. denied).................................4

*Hancock v. Variyam*,
    400 S.W.3d 59 (Tex. 2013)....................................................................................5

*Henry Schein, Inc. v. Stromboe*,
    102 S.W.3d 675 (Tex. 2002)...........................................................................19, 20

*Hermann Hosp. v. Nat'l Standard Ins. Co.*,
    776 S.W.2d 249 (Tex. App.—Houston [1st Dist.] 1989, writ denied) ...................10

*Hill v. Heritage Resources, Inc.*,
    964 S.W.2d 89 (Tex. App.—El Paso 1997)...........................................................16

*Holloway v. Skinner*,
    898 S.W.2d 793 (Tex. 1995).................................................................................14

*Horizon Shipbuilding, Inc. v. Blynn II Holding, LLC*,
    324 S.W.3d 840 (Tex. App.—Houston [14th Dist.] 2010, no pet.)...................19, 20

v

*Hotze v, Miller,*
  361 S.W.3d 707m 713 (Tex. App.—Tyler 2012, pet. denied) ................................................19

*Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.,*
  665 F.3d 671 (5th Cir. 2011) ...........................................................................................22

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.,*
  341 S.W.3d 323 (Tex. 2011)..........................................................................................19

*Juliette Fowler Homes, Inc. v. Welch Associates, Inc.,*
  793 S.W.2d 660 (Tex. 1990)...........................................................................................15

*Lamont v. Vaquillas Energy Lopeno Ltd., LLP,*
  421 S.W.3d 198 (Tex. App.—San Antonio 2013, pet. denied) ................................................17

*M-I LLC v. Stelly,*
  733 F.Supp.2d 759 (S.D. Tex. 2010) ...............................................................................15

*McAllister v. BAC Home Loans Servicing, LP,*
  No. 4:10-CV-504, 2011 WL 2200672 (E.D. Tex. Apr. 28, 2011).........................................20

*Nova Consulting Grp. v. Eng'g Consulting Servs. Ltd.,*
  290 F. App'x 727 (5th Cir. 2008)....................................................................................14

*Pack v. Crossroads, Inc.,*
  53 S.W.3d 492 (Tex. App.—Fort Worth 2001, pet. denied) ...................................................21

*Powell v. Keeley,*
  795 F. Supp. 2d 587 (S.D. Tex. 2011) ..............................................................................21

*PrevMED, Inc. v. MNM-1997, Inc.,*
  3:14-CV-3960-D, 2015 WL 4162729 (N.D. Tex. July 10, 2015) ..........................................10

*R2 Invs. LDC v. Phillips,*
  401 F.3d 638 (5th Cir. 2005) ...........................................................................................4

*Smith v. JPMorgan Chase Bank, N.A.,*
  519 Fed. Appx. 861 (5th Cir. 2013).............................................................................19, 20

*Smith v. Merritt,*
  940 S.W.2d 602 (Tex. 1997)...........................................................................................20

*Tabor, Chhabra & Gibbs, P.A. v. Medical Legal Evaluations, Inc.,*
  237 S.W.3d 762 (Tex. App.—Houston [1st Dist.] 2007) .....................................................15

*Tamez v. Certain Underwriters at Lloyd's,*
  999 S.W.2d 12 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) ......................................9

*Tex. Beef Cattle Co. v. Green*,
  921 S.W.2d 203 (Tex. 1996)........................................................................14

*Texas Med. Ass'n v. Aetna Life Ins. Co.*,
  80 F.3d 153 (5th Cir. 1996) ....................................................................9, 10

*Warren v. State Farm Mut. Auto. Ins. Co.*,
  No. CIVA3:08CV0768D, 2008 WL 4133377 (N.D. Tex. Aug. 29, 2008)
  (Fitzwater, C.J.).........................................................................................8

*WFAA-TV, Inc. v. McLemore*,
  978 S.W.3d 568 (Tex. 1998)....................................................................5, 7

*Wooley v. Schaffer*,
  447 S.W.3d 71 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ...................3

## Statutes

Tex. Bus. Com. Code § 17.46 (2015)........................................................................8, 9

Tex. Civ. Prac. & Rem. Code § 73.051 (2015) ...........................................................6

Tex. Civ. Prac. & Rem. Code § 73.052 (2015) ...........................................................6

Tex. Civ. Prac. & Rem. Code § 73.055 (2015) ...........................................................6

Tex. Ins. Code § 541.002........................................................................................8, 9

Tex. Ins. Code § 541.045...........................................................................................11

Tex. Ins. Code § 541.051.....................................................................................11, 12

Tex. Ins. Code § 541.052.....................................................................................12, 13

Tex. Ins. Code § 541.061.....................................................................................11, 12

Tex. Ins. Code § 541.151.................................................................................8, 9, 13

Tex. Ins. Code § 541.154.................................................................................13, 14

Tex. Ins. Code § 1952.301.................................................................................20, 21

Tex. Ins. Code § 1952.302.......................................................................................20

**Rules**

FED. R. CIV. P. 12(b)(6) ...................................................................................1, 3, 4

FED. R. CIV. P. 13(a) ...........................................................................................23

TEX. R. CIV. P. 91a ............................................................................................3, 4

## MOTION TO DISMISS

Defendants, GEICO Advantage Insurance Company ("GEICO Advantage"), GEICO Choice Insurance Company ("GEICO Choice"), Government Employees Insurance Company ("GEICO"), GEICO Secure Insurance Company ( "GEICO Secure"), GEICO General Insurance Company ("GEICO General"), GEICO County Mutual Insurance Company ("GEICO County"), and GEICO Indemnity Company ("GEICO Indemnity") (collectively "Defendants"), move to dismiss Plaintiffs' Original Petition (the "Petition"), attached hereto as Exhibit A, pursuant to the first-to-file doctrine and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In the alternative, Defendants request that the Court stay this case pending completion of the Florida Federal Action or transfer this case to the United States District Court for the Middle District of Florida.

The grounds and authority for this motion are set forth in the following Supporting Brief. The Supporting Brief is incorporated as part of this motion.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendants respectfully submit the following Brief in Support of their Motion to Dismiss, or in the alternative, to Stay or Transfer Venue.

### BACKGROUND

On August 5, 2016, Defendants GEICO, GEICO General, and GEICO Indemnity[1] sued Plaintiffs My Clear View and Clear Vision in the United Stated District Court for the Middle District of Florida, case No. 8:16-cv-02241 (the "Florida Federal Action"). A copy of the detailed Complaint in the Florida Federal Action is attached as Exhibit B.

---

[1] GEICO Casualty Insurance Company is named as a Plaintiff in the first-filed Florida Federal Action.  Plaintiffs did not name GEICO Casualty Company as a Defendant in this case.

The Florida Federal Action brings Federal RICO and related claims against Plaintiffs My Clear View and Clear Vision.  Ex. B ¶¶16-17.  Plaintiffs filed this case after the Florida Federal Action was filed.

The Florida Federal Action arises out of the same events, practices, transactions and occurrences that are the subject matter of the claims that Plaintiffs attempt to bring in their Petition.  Plaintiffs' allegations in this case arise out of the investigation that occurred in Florida that led to the Florida Federal Action being filed against My Clear View and Clear Vision.[2]  In the first-filed Florida Federal Action, Defendants allege that Plaintiffs operated out of auto dealerships to generate a high volume of fraudulent claims for glass services that they submitted to Defendants.  Ex. B ¶5.

The Florida Federal Action lists seven specific auto dealerships where the fraudulent conduct detailed in the Florida Federal Action occurred.  Ex. B ¶76.  While Plaintiffs' Petition in this case is devoid of any specific factual allegations, Plaintiffs do generally allege that Defendants interfered with their practice of operating out of auto dealerships.  Pet. ¶¶20, 38.

But tellingly, Plaintiffs do not identify any specific dealership or where the dealerships are located.  Plaintiffs further generally allege that Defendants defamed and slandered Plaintiffs by alleging Plaintiffs' "business practices are fraudulent."  Pet. ¶37.  But again, they do not allege any specific statements or where they allegedly occurred.

Moreover, Plaintiffs' Petition is completely devoid of any factual allegations.  It contains only generic, conclusory statements.  Plaintiffs do no allege when or where any of alleged conduct occurred.   Nor do they identify a single defamatory statement, who made any

---

[2] Plaintiffs allege in conclusory fashion that "this action is proper in Harris County, Texas, where all or a substantial portion of the events or omissions occurred."  *See* Pet. ¶13.  However, Plaintiffs do not identify a single specific event that occurred in Texas.

statements, or to whom they were allegedly made.  Plaintiffs similarly fail to identify a single contractual relationship, potential business relationship, or prospective client that Defendants allegedly interfered with.  *Id.* ¶69.

Plaintiffs' conclusory Petition does not state a single claim for relief upon which relief can be granted.  The Petition should therefore be dismissed in its entirety.

ARGUMENTS AND AUTHORITIES

## I.    Legal Standard

The proper pleading standard to apply when a case has been removed from a state court is "that of the state where from whose court the case has been removed."  *Clark v. Deutsche Bank Nat'l Trust Co.*, 3:14-CV-3590-B, 2016 WL 931216, at *1–2 (N.D. Tex. Mar. 11, 2016); *see also Duran v. Bar-S Foods Co.*, CIV. H-15-0788, 2015 WL 3466231, at *2 (S.D. Tex. June 1, 2015) (holding that "[b]ecause Plaintiff filed suit in Texas state court and has not amended his pleadings in federal court, this Court will apply Texas pleading standards to evaluate the claims asserted in the Petition").

In a case removed from a Texas state court, the federal court traditionally applied the more liberal, or "fair notice", Texas pleading standard.  *See Clark*, 2016 WL 931216, at *3. However, in 2013, the Texas Supreme Court adopted Texas Rule of Civil Procedure 91a, which provides:

> [a] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact.  A cause of action has no basis in the law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.  While not identical to Federal Rule of Civil Procedure 12(b)(6), Texas courts have patterned their recent analysis of Rule 91a in reliance on federal case law relating to and interpreting Rule 12(b)(6).  *See Wooley v. Schaffer,* 447 S.W.3d 71, 76 (Tex. App.—Houston

[14th Dist.] 2014, pet. denied) (finding constructive in their analysis of Rule 91a federal case law which interprets rule 12(b)(6)); *see also GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (holding that Rule 91a is analogous to Rule 12(b)(6) and that federal case law and interpretation is instructive in analyzing a motion to dismiss for failure to state a claim upon which relief can be granted).

In *Clark*, the Northern District of Texas held that because Texas courts have interpreted Rule 91a under a 12(b)(6) standard, it would do the same in reviewing a petition originally filed in Texas state court. *See Clark*, 2016 WL 931216, at *3. Accordingly, the pleading standard and analysis is the same as under Rule 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "demands more than" alleging that "the-defendant-unlawfully-harmed-me . . ." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) (citation omitted). The claims must include enough factual allegations "to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555 (citation omitted). Courts should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal quotations and citation omitted).

"Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995) (internal quotations and citation omitted). "[T]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *See Iqbal*, 129 S. Ct. at 1949.

## II.    Plaintiffs Fail to State a Claim for Defamation.

Plaintiffs broadly allege that Defendants defamed them by launching "a nation-wide smear campaign against Plaintiffs" and slandering "the reputation of Plaintiffs." Pet. ¶36. Without specifically identifying a single statement, Plaintiffs allege that Defendants made slanderous statements negligently and also with malice, and that these unidentified statements caused Plaintiffs to suffer damages, including special damages. Pet. ¶¶40-44.

The elements of defamation are: (1) defendant published a statement; (2) that was defamatory concerning the plaintiff; and (3) while acting either with actual malice or negligence regarding the statement. *Copeland v. State Farm Ins. Co.*, No. 15-10921, 2016 WL 4010441at *2 (5th Cir. July 26, 2016) (citing *WFAA-TV, Inc. v. McLemore*, 978 S.W.3d 568, 571 (Tex. 1998)).

### A.    Plaintiffs Fail to Allege that Defendants Published a Statement.

Plaintiffs are required to show that Defendants published a statement, either orally or in writing. *Hancock v. Variyam*, 400 S.W.3d 59, 59-72 (Tex. 2013). Plaintiffs have not identified a single specific statement allegedly made by any Defendant during the purported "smear campaign." Pet. ¶36. They also fail to allege when any statement was made, who made the statement, or to whom it was made.

### B.    Plaintiffs Do Not and Cannot Allege that Any Statement was Defamatory

Plaintiffs allege that Defendants' statements "tend to injure the reputation of Plaintiffs and expose Plaintiffs to public hatred, contempt, or ridicule, to financial injury and tend to impeach Plaintiffs' honesty, integrity, virtue, or reputation, exposing Plaintiffs to public hatred, ridicule, and financial injury." Pet. ¶41. However, Plaintiffs fail to identify the actual statements that Defendants allegedly made. Instead, Plaintiffs simply allege, in conclusory fashion, that

Defendants made misrepresentations to their insureds regarding the manner in which Plaintiffs perform their services.  Pet. ¶36.

### C. Plaintiffs Failed to Follow the Mandatory Procedure Under the Defamation Mitigation Act.

Plaintiffs' claim for defamation is further deficient because Plaintiffs have failed to follow the procedure required in the Defamation Mitigation Act.  TEX. CIV. PRAC. & REM. CODE § 73.051 (2015).  This statute creates an affirmative burden on potential plaintiffs to mitigate any perceived damage or injury caused by a potential defendant's publication of a potentially defamatory statement.  TEX. CIV. PRAC. & REM. CODE § 73.052 (2015).  Under the Defamation Mitigation Act, a potential plaintiff must first have made a timely request for a correction, clarification, or retraction from the potential defendant.   TEX. CIV. PRAC. & REM. CODE § 73.055(c) (2015).

This request, which must be made in writing and served on the publisher, includes heighted notice requirements.  TEX. CIV. PRAC. & REM. CODE § 73.055(d) (2015).  The statement must include a reasonable identification making the request, state with particularity the statement alleged to be false and defamatory, and to the extent known, the time and place of publication, allege the defamatory meaning of the statement, and be signed by the individual claiming to be defamed, or by the individual's attorney or agent.  *Id.*

Plaintiffs do not allege that they made the required request for a correction, clarification, or redaction (nor can they).

## III. Plaintiffs Fail to State a Claim for Slander *Per Se*.

Plaintiffs' second cause of action attempts to state a claim for slander *per se*.  Plaintiffs broadly allege that Defendants made a statement that suggests Plaintiffs are guilty of professional misconduct.  Pet. ¶46.

The elements of slander per se under Texas law are that: (1) defendant made a statement; (2) that was defamatory regarding the plaintiff on its face.  *WFAA-TV, Inc. v. McLemore*, 978 S.W.3d 568, 571 (Tex. 1998).  Whether a statement is defamatory is a matter of law.  *Id.*

Plaintiffs plead that Defendants allegedly declared or asserted that Plaintiffs' business practices are fraudulent.  Pet. ¶37.  However, Plaintiffs again fail to identify any specific statement or declaration which was defamatory.  Plaintiffs merely broadly assert that Defendants said something, to someone, at an unknown location and at an unknown time.  Pet. ¶46.  These assertions are mere legal conclusions with no factual support.  Plaintiffs' therefore fail to state a claim for slander per se.

## IV.   Plaintiffs Fail to State a Claim for Business Disparagement.

Plaintiffs' third cause of action is an attempted claim for business disparagement.  Again, Plaintiffs do no more than merely list elements of the claim.  Pet. ¶¶47-51.  These elements are: (1) the defendant published disparaging words; (2) that were false; (3) with malice; (4) without privilege; and (5) that resulted in plaintiff suffering special damages.  *Forbes, Inc. v, Granada Bioscience, Inc.*, 124 S.W. 3d 167, 170 (Tex. 2003).

Because the Petition fails to "do more than name the laws that may have been violated by the defendant," they fail to state a claim for business disparagement.  *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) (citation omitted).

## V.   Plaintiffs Fail to State Claims under the Texas Insurance Code.

Plaintiffs' fourth and fifth causes of action attempt to allege violations of the Texas Insurance Code.  Plaintiffs have not alleged a valid claim under the Texas Insurance Code, nor can they.  They have no standing to assert claims under the Insurance Code.  And in any event, they fail to allege sufficient facts giving rise to a single violation.

**A.     Plaintiffs do not have standing to assert claims under the Texas Insurance Code.**

Section 541.151 (formerly art. 21.21 § 16(a))[3] governs standing under the Texas Insurance Code:

> A person who sustains actual damages may bring an action against another person for those damages caused by the other person engaged in an act or practice:
>
> > (1)     defined by Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance; or
> >
> > (2)     specifically enumerate in Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment.

TEX. INS. CODE § 541.151.

The term "person" as used in section 541.151 has been applied by both Texas state courts and the Fifth Circuit in different ways.  On the one hand, section 541.002 (formerly art. 21.21 §2(a)) defines a "person" as an "individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity **engaged in the business of insurance**, including an agent, broker, adjuster, or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added).  So, one way to establish standing under section 541.151 is for the plaintiff to show that it is a "person" engaged in the business of insurance. *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383-84 (Tex. 2000) (insurance agent

---

[3] Article 21.21 section 16(a) is the predecessor to section to 541.151, and is identical in all but format.  So although many of the cases discussed below analyzing the application of the Insurance Code do so under its prior version, the cases are equally applicable to the current version. *Warren v. State Farm Mut. Auto. Ins. Co.*, No. CIVA3:08CV0768D, 2008 WL 4133377, at *3 (N.D. Tex. Aug. 29, 2008) ("The remedial scheme offered by § 541.151 and its accompanying provisions is a re-codification of the same statutory scheme in former Article 21.21of the Texas Insurance Code.") (Fitzwater, C.J.).

had standing to sue under the Insurance Code because the agent was engaged in the business of insurance).

On the other hand, the term "person" as used in section 541.151 has also been extended to insureds under an insurance policy. Despite the Insurance Code's definition of "person" in section 541.002, the "law is settled that the term 'person' used in section 16 [now 541.151] is not to be construed as being limited to one 'engaged in the business of insurance.'" *Chaffin v. Transamerica Ins. Co.*, 731 S.W.2d 728, 731 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (citing *Ceshker v. Bankers Commercial Life Ins. Co.*, 568 S.W.2d 128 (Tex. 1978)). Even so, courts generally have not extended standing beyond "**one who is either an insured or beneficiary of the policy.**" *Chaffin*, 731 S.W.2d at 731; *see also Texas Med. Ass'n v. Aetna Life Ins. Co.*, 80 F.3d 153, 159-60 (5th Cir. 1996) ("[T]he right to sue under § 16(a) has been limited by Texas courts to persons in privity of contract with the insurer on an insurance policy or an intended beneficiary of an insurance policy.") (emphasis added); *In re Burzynski*, 989 F.2d 733, 740 (5th Cir. 1993) ("Texas courts have severely limited standing to sue under this provision [and] held that the plaintiff must be either an insured of the defendant or a third party beneficiary of a policy underwritten by the defendant."); *Tamez v. Certain Underwriters at Lloyd's*, 999 S.W.2d 12, 21-22 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) ("The supreme court has held that a third-party beneficiary likewise lacks standing to sue under article 21.21 [now chapter 541].") (citing *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 150 (Tex. 1994)).

Finally, under narrow circumstances, courts have also found that a plaintiff has standing under Texas Insurance Code section 541.151(2) solely by virtue of reliance on an insurer's representations of insurance coverage made by an insurer that constitute violations of section 17.46(b) of the Business & Commerce Code, also known as the Texas Deceptive Trade Practices

Act ("DTPA"). *See*, *e.g.*, *Hermann Hosp. v. Nat'l Standard Ins. Co.*, 776 S.W.2d 249, 252 (Tex. App.—Houston [1st Dist.] 1989, writ denied); *see also In re Burzynski*, 989 F.2d at 740-41 (citing *Hermann*).

Accordingly, there are three situations in which courts have found that a plaintiff has standing to sue under the Texas Insurance Code:  the plaintiff (1) is a "person" itself engaged in the business of insurance; (2) is in privity of contract with the insurer on an insurance policy; or (3) relied on misrepresentations of insurance coverage that violate the DTPA. *See PrevMED, Inc. v. MNM-1997, Inc.*, 3:14-CV-3960-D, 2015 WL 4162729, at *6 (N.D. Tex. July 10, 2015); *see also In re Burzynski*, 989 F.2d at 740-41 ("[A]bsent privity of contract or some sort of reliance by the person bringing a claim on the words or deeds of the insurer, a suit will not lie under art. 21.21 [now chapter 541]").

Plaintiffs do not allege that they satisfy any of these requirements.  They do not allege (nor can they allege) that they are "engaged in the business of insurance."  Rather, Plaintiffs "are in the business of repairing chips in automobile windshields."  Pet. ¶15.  Plaintiffs at most facilitate services that are ultimately insured.  However, providing services that are ultimately paid by insurance funds does not amount to engaging in the business of insurance.  *See Texas Med. Ass'n*, 80 F.3d at 160 ("doctors are not 'persons' within the meaning of § 16(a) [now 541.151]").

Plaintiffs also fail to allege (nor can they allege) that they are in privity of contract on an insurance policy with any of the Defendants.

Finally, Plaintiffs have not alleged that they relied on a misrepresentation of coverage made by any of the Defendants.  Rather, Plaintiffs have simply broadly alleged that Defendants,

or Defendants' third party administrator, has made several misrepresentations to Defendants' insureds and to Plaintiffs' "potential customers." Pet. ¶¶31, 36, 69.

Accordingly, Plaintiffs are not engaged in the business of insurance, are not insureds under a policy issued by any of the Defendants, and do not allege that they themselves relied on any misrepresentations of insurance coverage actionable under the DTPA. Plaintiffs therefore lack standing to assert any claims under the Texas Insurance Code.

**B.      Plaintiffs fail to allege Insurance Code violations.**

Setting aside their lack of standing, Plaintiffs' attempted Texas Insurance Code claims further fail in any event. In conclusory fashion, Plaintiffs allege the following Texas Insurance Code violations:

- Count 4 – Section 541.045: "Defendant Insurers' concerted acts and/or agreement to commit acts of boycott, coercion, and/or intimidation that have resulted in or, at a minimum, tend to result in an unreasonably restraint of or a monopoly in the business of insurance." *See* Pet. ¶55.

Plaintiffs do not support these boilerplate allegations with any facts. They do not identify what acts of "boycott, coercion, and/or intimidation" Defendants are alleged to have taken. At most, Plaintiffs vaguely allege that Defendants' third-party administrator has "steered" potential customers away from Plaintiffs. Pet. ¶¶30-33. Defendants' third-party administrator is not a party to this action, and no specific allegations relate to Defendants. Accordingly, Plaintiffs' Count 5 for violations of Section 541.045 should be dismissed.

- Count 5(a) – Section 541.051(1)(A): Defendants' "misrepresenting 'the terms of the policy.'" *See* Pet. ¶61(a).

- Count 5(b) – Section 541.051(1)(B): Defendants' "misrepresenting 'the benefits or advantages promised by the policy.'" *See* Pet. ¶61(b).

- Count 5(d) – Section 541.061(1): Defendants' misrepresenting an insurance policy by 'making an untrue statement of material fact.'" *See* Pet. ¶61(d).

- 11 -

- Count 5(e) – Section 541.061(2):  Defendants' "misrepresenting an insurance policy by 'failing to state a material fact necessary to make other statement made not misleading, considering the circumstances under which the statement were made.'"  *See* Pet. ¶61(e).

- Count 5(f) – Section 541.061(3):  Defendants' "misrepresenting an insurance policy by 'making a material misstatement of law.'"  *See* Pet. ¶61(f).

- Count 5(g) – Section 541.061(4):  Defendants' "misrepresenting an insurance policy by 'making a material misstatement of law.'"  *See* Pet. ¶61(g).

- Count 5(h) – Section 541.061(5):  Defendants' "misrepresenting an insurance policy by 'failing to disclose a matter required by law to be disclosed.'"  *See* Pet. ¶61(h).

Counts 5(a), 5(b), 5(d), 5(e), 5(f), 5(g), and 5(h) all relate to alleged misrepresentations Defendants made regarding "an insurance policy."  But Plaintiffs do not identify any specific insurance policy, or any term of an insurance policy, that Defendants allegedly misrepresented. They never identify a single insurance policy nor state how Plaintiffs have been allegedly harmed by any alleged misrepresentations. Section 541.051(1)(A) and (B) apply only to misrepresentations "with respect to a policy issued or to be issued" or of "the terms of a policy," while section 541.061 applies only when the defendant "misrepresent[s] an insurance policy." TEX. INS. CODE § 541.051(1)(A)-(B); 541.061.  None of Plaintiffs' allegations have to do with the actual terms of an insurance policy.

- Count 5(c) – Section 541.052:  Defendants made, published, disseminated, circulated, and/or placed "before the public or directly or indirectly causing to be made, published, disseminated, circulated, or placed before the public an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance."  *See* Pet. ¶61(c).

Section 541.052 requires an advertisement, announcement, or statement containing an untrue deceptive, or misleading assertion, representation or statement regarding the business of

- 12 -

insurance.  TEX. INS. CODE § 541.052.  Plaintiffs simply allege that Defendants violated this provision.  But they do not identify a single advertisement, announcement or statement made by any Defendant.

- Count 5(i) – Section 541.151(2):  Defendants' actions in "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."  *See* Pet. ¶61(i).

Section 541.151 involves representations regarding an "agreement."  TEX. INS. CODE § 541.151.  Plaintiffs have not identified an agreement or contract.  Nor have Plaintiffs alleged any facts regarding what representations of rights, remedies or obligations Defendants allegedly made to Plaintiffs.

Plaintiffs have done nothing more than recite the language of the statutes themselves. There are nothing more than legal conclusions, with no supporting factual allegations.  Counts four and five therefore fail because Plaintiffs lack standing and do no more than recite the statutory language.

**C.**    **Plaintiffs failed to satisfy statutory conditions precedent under Section 541.154 of the Texas Insurance Code.**

Plaintiffs' claims under the Texas Insurance Code also fail and should be dismissed because Plaintiffs did not comply with statutory conditions precedent under Section 541.154. Section 541.154 provides that "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed."  TEX. INS. CODE §541.154(a).  The required notice must provide Defendants with information regarding the "specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person."  TEX. INS. CODE §541.154(b)(1)-(2).

Plaintiffs provided no proof of notice with their Petition, nor have Defendants received the required statutory notice.  The Court should therefore dismiss all of Plaintiffs' Texas Insurance Code claims for failing to meet this condition precedent.[4]

## VI.    Plaintiffs Fail to State a Claim for Tortious Interference With Contract.

Plaintiffs' sixth cause of action attempts to state a claim for tortious interference with contract.  Pet. ¶¶65-67.   According to Plaintiffs, Defendants have performed on-site investigations at automobile dealerships with the sole purposes of identifying Plaintiffs' business practices and then pressuring the automobile dealerships to kick Plaintiffs off of the premises. Pet. ¶¶38-39.   Disregarding the highly conclusory nature of Plaintiffs' allegations, these allegations do not establish a plausible claim for tortious interference with contract.

The elements of tortious interference with a contract under Texas law are:  (1) that a contract, subject to interference, exists; (2) a third party acted willfully and intentionally; (3) that act was a proximate cause of the plaintiff's damages; and (4) plaintiff suffered actual damages. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210 (Tex. 1996) (citing *Holloway v. Skinner*, 898 S.W.2d 793, 795-96 (Tex. 1995)).  *See also Nova Consulting Grp. v. Eng'g Consulting Servs. Ltd.*, 290 F. App'x 727, 737 (5th Cir. 2008); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002).  *Friends for Am. Free Enter. Ass'n v. Wal-Mart Stores, Inc.*, 284 F.3d 575, 577 (5th Cir. 2002).

### A.    Plaintiffs Do Not Identify a Contract.

---

[4] Alternatively, Defendants request this court abate the action until such time as Plaintiffs comply with the statutory condition precedent.  *Boone v. Safeco Ins. Co. of Indiana*, CIV.A. H-09-1613, 2009 WL 3063320, at *4 (S.D. Tex. Sept. 22, 2009) (abating action until Plaintiff complied with statutory notice requirement under Section 541.154, Texas Insurance Code).

A valid contract must exist for a third party to be liable for interference with an existing contractual relationship. *Juliette Fowler Homes, Inc. v. Welch Associates, Inc.*, 793 S.W.2d 660, 665 (Tex. 1990). *See also M-I LLC v. Stelly*, 733 F.Supp.2d 759, 775 (S.D. Tex. 2010). Plaintiffs have not identified a single contract between them and any alleged dealership. Plaintiffs do not identify the parties to any contract. They do not name a single dealership with which they allegedly had an agreement, nor attach a copy of any such agreement to their Petition. Plaintiffs have not even pled the state in which these unidentified alleged dealerships are located. Plaintiffs' attempted claim for tortious interference with a contract therefore fails.

### B.   Plaintiffs Do Not and Cannot Sufficiently Plead that Defendants' Actions Were Willful and Intentional Acts.

To establish that alleged interference was willful and intentional, the interfering third party must have had either actual knowledge of the existence of the contract or relationship of the plaintiff's interest or knowledge of such facts and circumstances as would lead a reasonable person to believe in their existence. *Tabor, Chhabra & Gibbs, P.A. v. Medical Legal Evaluations, Inc.*, 237 S.W.3d 762, 776 (Tex. App.—Houston [1st Dist.] 2007). Plaintiffs have failed to identify any agreements, much less plead that Defendants knew or reasonably should have known about these unidentified agreements.

Plaintiffs simply allege that Defendants are aware that "Plaintiffs are a separate company from the dealership." Pet. ¶38. Plaintiffs broadly allege that Defendants' "investigators" visit dealerships with which Plaintiffs have alleged unidentified agreements, but do not identify the dealerships, identify the location where these alleged investigations occurred, or even when they took place. Plaintiffs have therefore failed to sufficiently plead that Defendants knew or should have known about the existence of agreements with Plaintiffs, and fail to plead when or where any alleged willful conduct occurred.

**VII.    Plaintiffs Fail to State a Claim for Tortious Interference With Business Relations.**

Plaintiffs' seventh cause of action attempts to state a claim for tortious interference with business relations.   Pet. ¶¶68-72.   Plaintiffs broadly allege that Defendants interfered with Plaintiffs' business relations with prospective clients and other third parties by (1) making fraudulent statements and misrepresentations; (2) making disparaging statements to potential customers; and (3) engaging in acts of boycott, coercion, and intimidation.   Pet. ¶69.

Again, Plaintiffs assert nothing more than generic legal conclusions.   The elements of this cause of action under Texas law are: (1) there was a reasonable probability that the parties would have entered into a contract; (2) defendant committed an intentional and malicious act to prevent the relationship from forming, with the purpose of harming the plaintiff; (3) defendant lacked of privilege or justification to do the act; and (4) as a result of the interference, plaintiff suffered actual harm or damage.   *Ash v. Hack Branch Dist. Co., Inc.*, 54 S.W.3d 401, 413-414 (Tex. App.—Waco 2001).

> **A.    Plaintiffs Do Not and Cannot Allege There Was a Reasonable Probability That the Parties Would Have Entered into a Relationship.**

A Plaintiff must show that the making of a contract was reasonably probable, considering all facts and circumstances attendant to the transaction.   *Hill v. Heritage Resources, Inc.*, 964 S.W.2d 89, 109 (Tex. App.—El Paso 1997).   Moreover, mere negotiations are insufficient to support a claim of tortious interference with prospective business relations.   *Id.*

Plaintiffs fail to identify any purported potential automobile dealership clients.   They do not allege any facts to establish the required relationship between themselves and any unidentified automobile dealerships.   Moreover, Plaintiffs fail to allege any facts showing that Defendants' unidentified alleged actions prevented any potential business relation from forming. *COC Svcs., Ltd. v. Compusa, Inc.*, 150 S.W.3d 654, 670 (Tex. App.—Dallas 2004, pet. denied)

(holding that plaintiff failed to show that but for defendant's alleged tortious act, plaintiffs would have entered into a franchise relationship with third-party). Plaintiffs simply broadly allege that Defendants acted with the specific intent to induce the potential unidentified client not to enter into a relation with Plaintiffs. *See* Pet. ¶70. Intent, however, is not an allegation of actual interference with the business relationship.

**B.**   **Plaintiffs Do Not and Cannot Allege the Lack of Privilege or Justification.**

Plaintiffs must also show that Defendants lacked justification or excuse as part of their prima facie case for tortious interference with prospective business relations. *Lamont v. Vaquillas Energy Lopeno Ltd., LLP*, 421 S.W.3d 198, 220 (Tex. App.—San Antonio 2013, pet. denied). Plaintiffs' threadbare pleading makes no mention or implication regarding this required element.

**C.**   **Plaintiffs Do Not and Cannot Allege Plaintiffs Suffered Actual Harm.**

Damages for tortious interference with a business relationship are not assumed. *BP Automotive, L.P. v. RML Waxahachie Dodge, L.L.C.*, 448 S.W.3d 562, 570 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Plaintiffs alleged to have suffered unspecified loss in profits and diminution in value. But they again do so in a conclusory fashion, without any factual support.

Moreover, Plaintiffs refer only to alleged future damages. Plaintiffs do not identify what relationships were lost, which dealerships have refused them access, or when these purported relationships terminated.

**VIII.   Plaintiffs Fail to State a Claim for Civil Conspiracy.**

Plaintiffs' eighth cause of action broadly claims that Defendants, in concert with their third-party administrator, conspired to put Plaintiffs out of business. To support their attempted cause of action for civil conspiracy, Plaintiffs allege that (1) Defendants acted in concert with

- 17 -

one another and their third-party administrator; (2) conspired to put Plaintiffs out of business; (3) engaged in malicious actions that interfered with Plaintiffs' current and potential business relations; and (4) that these actions proximately caused damage to Plaintiff.  Pet. ¶73-75.

The elements of civil conspiracy are:  (1) two or more persons agreed on; (2) an objective to be accomplished; (3) a meeting of minds on the object or course of actions existed between the persons; (4) the persons engaged in one or more unlawful, overt acts; and (5) plaintiff suffered damages as the proximate result.  *Backes v. Misko,* 2015 WL 1138258 (Tex. App.—Dallas 2015, writ history).

### A.      Plaintiffs Do Not Identify an Agreement to Act against Plaintiffs

Plaintiffs merely allege that Defendants (apparently among themselves and with their third-party administrator) "conspired."  Pet. ¶74.  Plaintiffs again fail to provide any facts to support this legal conclusion.  Plaintiffs do not allege when, how, or where Defendants and their third-party administrator reached the alleged agreement to act against Plaintiffs.  The Petition is devoid of any fact to support this required element.

### B.      Plaintiffs Do Not and Cannot Support their Allegation of Agreement on an Obligation to Be Accomplished.

To support an allegation of civil conspiracy, the parties must agree either to accomplish an illegal objective or a legal objective through illegal means.  *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 975 (Tex. 2010).  Plaintiffs allege Defendants' malicious actions support underlying claims of tortious interference with current and prospective business relations.  Pet. ¶74.

However, as shown above, Plaintiffs' claims for tortious interference with a contract and tortious interference with business relations are fatally deficient. When the underlying tortious action which is the alleged basis for the conspiracy claim fails, the civil conspiracy claim also

fails.  *Hotze v, Miller*, 361 S.W.3d 707m 713 (Tex. App.—Tyler 2012, pet. denied) (holding that civil conspiracy claim based on an underlying defamation action must be dismissed when petitioner failed to establish the malice requirement of the underlying defamation tort claim).

**IX.     Plaintiffs Fail to State a Claim for Negligent Misrepresentation.**

Plaintiffs' ninth cause of action attempts to state a claim for common law negligent misrepresentation.  Plaintiffs contend that Defendants made false representations to them regarding Defendants' insured's insurance policies, specifically misrepresentations as to "pertinent facts and policy provisions relating to coverage".  Pet. ¶77.  Plaintiffs state that in reliance on this misrepresentation they engaged in repairs and as a result Plaintiffs have suffered damages as a direct proximate cause of Defendants' misrepresentations.  Pet. ¶78.

To plead a claim for negligent misrepresentation, Plaintiffs must allege facts establishing: (1) the defendant made a representation in the course of their business; (2) the defendant supplied "false information" for the guidance of the plaintiff in business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiffs suffered pecuniary loss by justifiably relying on the representations.  *Smith v. JPMorgan Chase Bank, N.A.,* 519 Fed. Appx. 861, 865 (5th Cir. 2013); *Horizon Shipbuilding, Inc. v. Blynn II Holding, LLC*, 324 S.W.3d 840, 850 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 688 n.24 (Tex. 2002)).

A representation must be a misstatement about then-existing fact.  *Clardy Manufacturing Co. v. Marine Midland Business Loans, Inc.*, 88 F.3d 347, 357 (5th Cir . 1996).  An opinion or a promise to engage in future conduct is not actionable.  *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 338 (Tex. 2011).

Plaintiffs broadly allege that Defendants made false representations to them regarding the benefits under Defendants' insureds' policies.  But Plaintiffs do not specify what provision under

the insurance policy Defendants misrepresented.  Plaintiffs do not cite to, reference, attach, or pinpoint any specific provision.

Nor do Plaintiffs identify any specific representations that were allegedly made, who made them, who they were made to, or where and when they were made.  Plaintiffs' negligent misrepresentation claim further fails because Plaintiffs fail to plead or prove that Defendants did not exercise reasonable care in obtaining or communicating the unidentified information.  *Smith,* 519 Fed. Appx. at 865; *Horizon Shipbuilding, Inc. v. Blynn II Holding, LLC*, 324 S.W.3d 840, 850 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 688 n.24 (Tex. 2002)).

Plaintiffs' negligent misrepresentation claim also fails because conclusory allegations of reliance, without more, are insufficient to demonstrate how such reliance caused Plaintiffs to suffer pecuniary loss.  *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10-CV-504, 2011 WL 2200672, at *10 (E.D. Tex. Apr. 28, 2011) (granting motion to dismiss where plaintiffs failed to state any facts supporting justifiable reliance).  Plaintiffs' merely allege that Plaintiffs' reliance on Defendants' representations caused Plaintiffs to suffer damages.  Pet. ¶¶78-79. However, they do not allege any facts to support justifiable reliance, or any facts showing that they suffered any damages.

X.      **Plaintiffs Fail to State a Claim for Negligence *Per Se* for Violations of Section 1952.302 of the Texas Insurance Code**

Plaintiffs' tenth cause of action alleges that Defendants are liable, under a theory of negligence *per se*, for violations of Section 1952.301 of the Texas Insurance Code.

"Negligence *per se* is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims."  *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997).  A "penal

statute is one that defines a criminal offense and specifies a corresponding fine, penalty, or punishment." *Del Castillo v. PMI Holdings N. Am. Inc*., 4:14-CV-03435, 2016 WL 3745953, at *6 (S.D. Tex. July 13, 2016) (dismissing negligence *per se* claim which listed violations of administrative acts and holding that statutes were not penal statutes as required by Texas Law) (citing *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 509 (Tex. App.—Fort Worth 2001, pet. denied)).

The threshold questions in every negligence *per se* case involving a penal statute is first, 1) whether the plaintiff belongs to the class that the statute was intended to protect and, 2) whether the plaintiff's injury is of a type that the statute was designed to prevent. *Powell v. Keeley*, 795 F. Supp. 2d 587, 592 (S.D. Tex. 2011).

This Court need not even address whether Plaintiffs have met this threshold pleading requirement. Plaintiffs' negligence *per se* claim should be dismissed because Section 1952.301 of the Texas Insurance Code is not a penal statute. Section 1952.301 does not define a criminal offense, nor does it specify a corresponding fine, penalty, or punishment. TEX. INS. CODE § 1952.301.

Even if this Court were to consider Plaintiffs' negligence *per se* claim as to Section 1952.301, Plaintiffs still fail to meet the minimum threshold pleading requirements for this cause of action. Plaintiffs allege one conclusory statement that they "are within the group that is intended to be protected by this law as it is in the repair business." Pet. ¶86. But there are no specific allegations as to Plaintiffs' purported injury or as to whether the unidentified injury is a type that the statute was designed to protect.

- 21 -

## ALTERNATIVE MOTION TO DISMISS, STAY, OR TRANSFER VENUE
## UNDER THE FIRST-TO-FILE DOCTRINE

"The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Dxp Enterprises, Inc. v. Hill*, 4:15-CV-3471, 2016 WL 4159756, at *2 (S.D. Tex. Aug. 3, 2016) (citations omitted).  Under the first-to-file rule, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011).

The rule does not demand the cases be identical, the crucial inquiry is where there is substantial overlap between the two actions.  *Id.*  In deciding whether the first-to-file rule applies, courts in the Fifth Circuit examine the similarity of parties and similarity of the "core issues," or if "much of the proof adduced . . . would likely be identical." *Int'l Fid. Ins. Co.*, 665 F.3d at 678. Where there is substantial overlap, the court in the second-filed action may dismiss, stay or transfer the case to the court in the first-filed action.  *Dxp Enterprises, Inc.*, 2016 WL 4159756, at *3.

Plaintiffs' claims should be dismissed, stayed or transferred under the first-to-file doctrine because there is substantial overlap between the factual allegations in this case and the Florida Federal Action.  The Florida Federal Action contains a detailed analysis of how Plaintiffs systematically committed fraud through placement of third parties at Florida auto dealerships for the purpose of generating a large volume of fraudulent insurance claims.  Ex B. ¶5.  Plaintiffs perpetuated this fraud by establishing relations with, and paying incentives to, specific third parties and auto dealerships that assisted Plaintiffs in obtaining and utilizing Defendants' insureds' information to generate the fraudulent claims.  Ex. B. ¶5, 76.  The Florida Federal

- 22 -

Action specifically names the third parties and auto dealerships which were involved in the scheme.

In this case, Plaintiffs allege that Defendants have interfered with relationships and contracts with unnamed auto dealerships.  Tellingly, Plaintiffs do not identify the names or locations of these auto dealerships (because the conduct and matters at issue occurred in Florida).  Plaintiffs allege Defendants have entered these auto dealerships to do investigations "in a not well disguised attempt . . . to have Plaintiffs kicked off the premises of the dealership."  Pet. ¶38.  These vaguely referenced investigations by Defendants occurred in Florida, not Texas.

Plaintiffs' attempted claims are more appropriately counterclaims or affirmative defenses to the Florida Federal Action.  Rule 13(a) of the Federal Rules of Civil Procedure, states that "[a] pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . ."

Because Defendants' filed the Florida Federal Action first this court should dismiss, stay, or transfer venue to the Middle District of Florida.

## CONCLUSION

Plaintiffs' Petition is mere labels and legal conclusions.  They do not allege facts to establish the elements of any of their claims.  Moreover, the Florida Federal Action was filed first in the Middle District of Florida.  The Florida Federal Action substantially overlaps with the allegations raised in Plaintiffs' Petition.  Accordingly, Court should dismiss Plaintiffs' Petition or, in the alternative, stay or transfer this case to the Middle District of Florida.

Dated:  September 28, 2016                Respectfully submitted,

                                          */s/ Rebecca L. Phelps*
                                          Christopher D. Porter
                                          State Bar No. 24070437
                                          Rebecca L. Phelps
                                          State Bar No. 24098255
                                          YETTER COLEMAN LLP
                                          909 Fannin Street, Suite 3600
                                          Houston, Texas  77010
                                          (713) 632-8000
                                          (713) 632-8002
                                          cporter@yettercoleman.com
                                          rphelps@yettercoleman.com
                                          Attorneys for Defendants

### Certificate of Service

     I certify that on September 28, 2016, a copy of this document was served on all counsel of record using the Court's e-filing system.

Bergman Gray & DiAngelo LLP
Jay K. Gray, Esq.
Andrew Bergman, Esq.
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
jkurtisgray@yahoo.com
bergman@abergmanlaw.com

                                          */s/ Rebecca L. Phelps*
                                          Rebecca L. Phelps